[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM RE: MOTIONS FOR CONTEMPT
The plaintiff and defendant have both filed motions for contempt, the plaintiff's dated August 16, 1996 and the defendants dated August 20, 1996. It is the plaintiff's claim that the defendant failed to pay a credit card debt he was obligated to pay under Paragraph 8 of the separation agreement that was incorporated into their divorce decree of June 6, 1996 ("agreement"). It is the defendant's claim that the plaintiff has withheld certain personal property to which he is entitled pursuant to schedule A of said agreement.
On August 16, 1996 the parties sold their home pursuant to Paragraph 13 of their agreement. The defendant requested the closing attorney to withhold $4,811.00 from his share of the proceeds of the closing to pay the credit card debt he was obligated to pay under Paragraph 8 their agreement. The defendant then instructed the closing attorney to hold the funds in escrow and not to remit the funds to the credit card company until he instructed him to do so at a later date. It is the claim of the defendant that he has not received all of the personal property he was entitled to under schedule A of the agreement and will remit the funds when he has received this property or reasonable compensation in lieu thereof.
The court does not find that either party is in contempt. There is a colorable claim on the part of the defendant that he should be able to resolve the issue of the personal property before authorizing the credit card payment. In any event, he has not refused to make this payment. There is likewise, no credible evidence that the plaintiff either withheld nor intentionally disposed of any of the personal property which the defendant was entitled to. In fact, the plaintiff delivered all of the items listed on schedule A to the defendant except those items listed CT Page 5495-EEE as "miscellaneous" — tools and other things. Thus, the court does not find the plaintiff to be in contempt.
The only issue for the court to decide is whether those items the defendant claims were not recovered by him were items to which he was entitled, and if he were, whether he should be entitled to reimbursement from the plaintiff. The items claimed by the defendant that he is entitled are listed on defendant's Ex. 1 and those items which he claims he wants are listed on defendant's Ex. 2. Under Paragraph 8 of the agreement the plaintiff was to "relinquish" to the defendant all the items on schedule A "within seven days" of the date of the agreement, June 6. There was evidence that the defendant went to the home on several occasions after the dissolution on June 6 to retrieve the property. There was no evidence that the plaintiff refused to allow the defendant to come onto the property to recover the item or that any items were withheld from him by the plaintiff that were specifically itemized on schedule A. There was no evidence that prior to the closing the defendant made any complaints to the plaintiff that he could not recover any items to which he was entitled. During the two month period prior to the closing the defendant had ample opportunity to assert a claim for the missing "miscellaneous" items if he was in fact being deprived of them. The court heard no evidence that such a claim was made by him at any time from the date of the dissolution to the date of the closing. In any event, the court finds that most items appearing on defendant's Ex. 2 were not specifically listed on Schedule A and there was no credible evidence that any of the items were taken by or withheld by the plaintiff. The court therefore will find that the plaintiff is not responsible for reimbursing the defendant for the items listed on defendants Ex. 2.
As noted above, the court has not found that the defendant has intentionally disregarded the terms of the decree since he believed that the plaintiff was withholding personal property to which he was entitled. Now that the court has resolved this issue any further delays in fulfilling his obligations under Paragraph 6 of the agreement may result in a finding of contempt.
PELLEGRINO, J.